Good morning. May it please the Court, my name is Eric Lynn and I represent Mr. Dereje. I'd like to initially reserve three minutes for rebuttal. This case involves an Ethiopian gentleman who is seeking political asylum in this country. He has filed an application which has progressed its way through the court system to this point. As the Court is aware, an asylum application requires the applicant to prove a well-founded fear of persecution on account of a protected ground. I believe the critical issue in this case involves whether or not Mr. Dereje established past persecution. Let's assume that he did. He was threatened with deportation. Correct. And the crucial finding below seems to be that the deportations stopped at an earlier time in history. So that if he were returned, people aren't being deported anymore. And there wasn't anything else that happened to him that would be likely to repeat. So even assuming past persecution, why is his fear of future persecution objectively reasonable? Assuming past persecution, the only document which the immigration judge relied on for that finding of that the deportations had stopped was the State Department country report. And there was a letter that was specific to your client's case that said this was still accurate. The only document that the judge referred to was the State Department country report. And I think that the letter is taken almost verbatim from the country report. But as this Court and other courts have consistently found, the country report by itself isn't sufficient to rebut the presumption that arises when there is a finding of past persecution. Is he concerned about future being deported? He is. Doesn't matter. Why? See, he's Eritrean. Well, the Ethiopian government says that he's Eritrean. So he doesn't want to go to Eritrea. That's correct. And he doesn't. That couldn't be a country to be repatriated to because he's from Ethiopia. Correct. He has no claim to any kind of citizenship or residency status in Eritrea. He's sort of like the Armenians and the Turks. I mean, they've been at each other's throats for 100 years or so. And they're still doing it. They're still torturing each other every chance they get. But does the country report say that this kind of treatment is over now between the Ethiopians and the people they characterize as Eritreans?  The relationship between the two countries is not the most stable. There was a war between the two countries for a long time. Correct. And the conflict is ongoing even to the present day, even though we're referring to a previous period of time. But my client is fearful not only of the deportations being taken out against them or being executed, but the repercussions for having ignored and fled from having received the previous order from the Ethiopian government prior to his departure. On what is that fear based? Because you would think that Ethiopia would be glad to be rid of him if they were trying to deport him. The fear is based on his personal knowledge, to which I believe he testified during the proceedings below, in which he was asked to discuss upon questioning by counsel what his particular fears were. The country reports or, I'm sorry, not the country reports. The evidence submitted by Mr. Dereje through counsel support his fears that there are other consequences from having ignored a deportation order. If the court doesn't assume that there's past persecution, the issue still remains as to whether the immigration judge erred. Because I believe that the judge found that there was not sufficient past persecution. And I would argue that, in fact, there was. The court has consistently stated that there's no physical persecution required to support a finding of past persecution. The court has found that mental and emotional trauma under certain circumstances constitutes persecution. The court has found that economic deprivation constitutes persecution. The court has found that threats to livelihood and death threats and similar things all rise to the level of persecution. And what is deportation if not all of those things rolled together? Does the evidence to the IJ make any finding with respect to the individualized targeting of your client beyond the fact that he was, that he was subject to deportation or threatened with deportation because of his ethnicity? I think the immigration judge accepted what he wrote in his decision, that he accepted the factual testimony that Mr. Dereje's parents were arrested and deported and that he received a notice from the court. Of deportation. Correct. But was there anything beyond the findings of any, anything beyond the deportation of relating to persecution? No. Just that. Okay. Right. Right. During a previous hearing, the immigration judge had expressed concerns about the dates of some of the documents submitted by counsel. And this was one of the circumstances where the counsel, in preparing for the hearing, did nothing to address those concerns, which allowed, in a way, the judge to, to rely solely on the fact that the government had submitted a country report and the letter that was referred to earlier without any countervailing, other countervailing evidence. If you wish to reserve the remainder of your time, you may do so. Thank you. Thank you. Good morning. My name is Joanne Johnson and I represent the United States Attorney General in the case before the court today. We respectfully request the court to deny Mr. DeGieri's petition for review. Substantial evidence supports the board's and immigration judge's decision denying petitioner's asylum withholding and CAT claims. The record evidence does not compel a contrary conclusion. The petitioner failed to establish his eligibility for asylum. In order to be eligible for asylum, the alien had to demonstrate past persecution or a well-founded fear of future persecution. Did the government seriously argue that the forced deportations that were going on when he, when he says they were, was not persecution? The immigration judge focused on the well-founded fear of future persecution of the alien and didn't make a specific determination regarding whether deportation is past persecution in this case. Common sense. I mean, ethnic cleansing in all of its wonderful forms. Mass deportations. Part of the Holocaust started out with mass deportations. The Turkish-Armenian fiasco has been featuring mass deportations. Still is. Isn't that persecution? Well, in this case. I don't know. I don't understand the government arguing that there wasn't any past persecution established. Well, the immigration judge didn't make a specific finding regarding past persecution. And even if deportation was considered past persecution, the alien, the government would then have a rebuttable presumption of well-founded fear of future persecution. Isn't that the difference, I think, between, well, let me just backtrack. The immigration judge did proceed from the assumption that a threat of deportation was not past persecution. So had the immigration judge found that there was past persecution, there would have been a different burden of proof. The burden would have shifted. So if we were to conclude that there was past persecution under Ventura, would we have to send it back and say the burden of proof is different now? Looking at it with the alien now having the advantage, look at it again. Well, substantial evidence supports the immigration judge's determination that the alien did not prove a well-founded fear of future persecution. But the judge did so without requiring the government to bear the burden of proving it. In other words, I don't know how we can decide that the result would have been the same if the burden of proof were reversed. And I guess that's my concern. Well, the record evidence would not compel a contrary conclusion, contrary than the one that the immigration judge determined, which was that the alien did not even establish the objective component for a well-founded fear of future persecution. I think that's maybe I'm not making my question clear. My reading of what the judge did was that that was in the context of saying that it's up to the alien to demonstrate, to carry the burden of proving a well-founded fear. But if the alien has established past persecution, it's the reverse. It's up to the government to show that it wouldn't be. And so when the burden of proof is different, the finder of fact might have come to a different conclusion in the first instance. So I guess what I'm asking is why we shouldn't, if we were to find past persecution, why we wouldn't have to send the case back. If the court, well, I would continue to say that the record evidence supports the immigration judge's conclusion that there wasn't a well-founded fear of future persecution. With respect to Your Honor's question, if the court was to remand the case back, with respect to whether or not the judge made a finding of past persecution and whether that shifts the burden to the government for a well-founded fear of future persecution. Well, we know it shifts the burden. There's a regulation that says so. That, yes, it would shift the burden to the government to show changed circumstances, to support the rebuttable presumption, to refute the rebuttable presumption of a well-founded fear of future persecution. Are you today arguing that he did not suffer past persecution? The alien in this case claims that his deportation notice amounted to past persecution. And the immigration judge, although not making a specific finding of past persecution, indicated that the alien did not, was never maltreated or had a. Let me interrupt you by saying, had he been deported to, I think it was to Sudan, to essentially a war zone. I mean, isn't this sort of like a death threat from the government, essentially, by saying you're to be deported to a place where it's just a war zone? Well, that determination wasn't made as far as whether being deported to the Sudan would constitute a death notice. And the alien wasn't forcibly deported. He received, allegedly, a notice of deportation. Having failed to satisfy the standards for asylum, the immigration judge's and the board's decision is supported by the record evidence. And substantial evidence supports the board's and immigration judge's decision to deny Petitioner's claims for asylum. If Your Honors do not have any further questions, the government respectfully requests the Court to deny Petitioner's petition for review. Thank you. Good morning again. Two points I'd like to further address. The first is on the issue of past persecution again. Again, I don't want to rely on the fact that there might be an assumption of past persecution, but the persecution is also the argument that there was past persecution is also strengthened by the fact that the deportations in question that were being conducted by Ethiopia were being done so in violation of their own laws. And it's not disputed that the deportations were done solely on account of the government's determination that the individuals in question were Eritrean or of what they deemed to be Eritrean heritage, for example, one parent or the other. The second point is to address the Court's question to the government about remand. I believe the remand is also supported by the fact that my client was not properly represented. And I think I addressed this in my opening brief. On the appeal to the Board, the brief, the so-called brief that was submitted, was really just a motion asking the Court to send the case back, asking the Board to send the case back to the immigration judge to submit documents that should have been submitted the first time around. It calls into previous counsel's ability to represent Mr. Dereje on appeal to the Board, but also it calls into question his representation initially before the judge, because, as I stated earlier, the judge during the previous hearing specifically requested up-to-date documents addressing the issue of deportations, which counsel did nothing to address prior to the individual hearing. So I believe that would be another basis for remand in addition to the Ventura case that the Court cited earlier. Thank you. I'm sorry. I didn't mean to cut you off. Okay. Those were the two points that I had, if the Court, Your Honor, had any other questions. There don't appear to be any. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Hussain v. Ashcroft.
judges: Schroeder, Goodwin, Graber